LAW OFFICE OF GREGORY JAVARDIAN, LLC
By Mary F. Kennedy, Esquire
Attorney I.D. # 77149
1310 Industrial Blvd.
1st Floor, Suite 101
Southampton, PA 18966
(215) 942-9690
Attorney for Citizens Bank, N.A. f/k/a RBS Citizens, N.A.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>David S. Goode, Jr.<br><br>Debtor(s) | Chapter 13 Proceeding<br><br>17-11523 MDC |

**SECOND AMENDED STIPULATION BY AND BETWEEN DAVID S. GOODE, JR. AND CITIZENS BANK, N.A. F/K/A RBS CITIZENS, N.A.**

WHEREAS, on September 24, 2020 this Honorable Court entered an Order approving the Amended Stipulation filed on September 23, 2020 (hereinafter "the Amended Stipulation") between David S. Goode, Jr. ("Debtor") and Citizens Bank, N.A. f/k/a RBS Citizens, N.A. ("Movant");

WHEREAS, the Amended Stipulation required the Debtor(s) to remain current on the monthly post-petition mortgage payments commencing with the September 1, 2020 payment and provided for a fifteen (15) day notice of default if post-petition mortgage payments were missed;

WHEREAS, Debtor(s) defaulted on the post-petition mortgage payments and on February 26, 2021 Counsel for Movant mailed Debtor(s) and Debtor(s)' Attorney a Notice of Default; and

{00696665}                                                        1

WHEREAS, Debtor(s), who has been financially impacted by the COVID 19 pandemic, has requested an opportunity to cure the post-petition arrears and Movant has agreed to the request.

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as follows:

1. Movant is a mortgagee and holder of a perfected, secured claim against the Debtor(s) pursuant to Notes and Mortgages on Debtor's real estate known as at 2029 North 31st Street, Philadelphia, PA 19121 ("property").

2. Upon approval by the United States Bankruptcy Court of the within Amended Stipulation, Debtor and secured creditor, Citizens Bank, N.A. f/k/a RBS Citizens, N.A., agree to the following:

    (a) Debtor(s) attests that the financial hardship that led to the post-petition default was directly or indirectly related to the COVID 19 pandemic.

    (b) Debtor(s) acknowledges that the current regular monthly post-petition mortgage payment is $724.33 per month. The monthly payment is subject to change in accordance with the terms of the Note and Mortgage.

    (c) Debtor(s) acknowledge that debtor(s) is currently due for the following amounts post-petition:

| | |
|---|---|
| 9/1/2020 regular payment | $742.77 |
| 10/1/2020 regular payment | $742.77 |
| 11/1/2020 regular payment | $742.77 |
| 12/1/2020 regular payment | $742.77 |
| 1/1/2021 regular payment | $742.77 |
| 2/1/2021 regular payment | $724.33 |
| Funds received 9/29/2020 | -$745.00 |
| Funds received 2/1/2021 | -$325.00 |

{00696665}    2

|  |  |
|---|---|
| Attorney Fees for Notice of Default | $50.00 |
| TOTAL | $3,418.18 |

(d) Commencing with the March 1, 2021 payment the Debtor(s) shall resume and shall continue to make all regular monthly post-petition mortgage payments when they are due in accordance with said Note and Mortgage.

(e) Debtor(s) agrees that the $3,418.18 shall be capitalized over the remaining life of the Plan. Debtor has elected to extend the length of the Plan by twenty-four (24) months.

(f) Within fifteen (15) days of the Court's approval of this Amended Stipulation Debtor(s) shall amend the Plan to provide for the payment of the post-petition arrears of $3,418.18 to Movant through the Plan.

(g) Within fifteen (15) days of the Court's approval of this Stipulation Movant shall amend its Proof of Claim to add the $3,418.18 in post-petition arrears to its arrears claim.

(h) The provisions of the Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

(i) The Debtor(s) shall timely tender all payments and comply with all conditions in accordance with this Stipulation. If such payments or conditions are not timely made, Movant may provide the Debtor(s) and their counsel with fifteen (15) days written notice of default. If the

default is not cured within the fifteen (15) day period, Movant may certify the default to this Court and an Order shall be entered granting Citizens Bank, N.A. f/k/a RBS Citizens, N.A. its successors and/or assigns relief from the automatic stay without further notice and hearing.

(j) Should Citizens Bank, N.A. f/k/a RBS Citizens, N.A. its successors and/or assigns be granted relief from the stay after filing a Certification of Default in accordance with paragraph 2 (i) above, the parties agree that the said relief order shall include the following language: "bankruptcy Rule 4001(a)(3) is not applicable, and Movant is allowed to immediately proceed with foreclosure and all other relief available under the Non-Bankruptcy law." Debtor(s) have the right to object to any certificate of default filed by Movant.

(k) The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

_____    Date: 3/11/21
Brad J. Sadek, Esquire
Attorney for Debtor, David S. Goode, Jr.

_____    Date: 3/11/2021
Mary F. Kennedy, Esquire
Attorney for Citizens Bank, N.A. f/k/a RBS Citizens, N.A.

No Objection -
Without Prejudice to
Any Trustee Rights or
Remedies

/s/ LeeAne O. Huggins

_____
William C. Miller, Esquire
Trustee

Date: March 19, 2021
_____

        On this ___ day of _____, 2021, approved by the Court.

_____
United States Bankruptcy Judge
Magdeline D. Coleman

cc:    Mary F. Kennedy, Esquire
        1310 Industrial Blvd.
        1st Floor, Suite 101
        Southampton, PA 18966

        Brad J. Sadek, Esquire
        Sadek and Cooper
        1315 Walnut Street, Suite 502
        Philadelphia, PA 19107

        William C. Miller, Esquire
        Chapter 13 Trustee
        PO Box 1229
        Philadelphia, PA 19105

{00696665}        5